IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | |
|---|---|
| TOSJO EDDINS, #210 515 | * |
| Plaintiff, | * |
| v. | *   2:10-CV-188-TMH (WO) |
| STANLEY CARTER (DIRECTOR), *et al*. | * |
| Defendants. | * |

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Tosjo Eddins, an inmate incarcerated at the Julia Tutwiler Prison for Women in Wetumpka, Alabama, complains that Defendants are violating her constitutional rights by failing to provide her with a "proper education." Plaintiff names Stanley Carter, Director of the Tutwiler Center for J. F. Ingram Technical College, and Warden Frank Albright as defendant in this cause of action.

Upon review of the complaint, the court concludes that the it is due to be dismissed prior to service of process in accordance with the provisions of 28 U.S.C.

§ 1915(e)(2)(B)(i).[1]

## I. DISCUSSION

Plaintiff filed this § 1983 action complaining that she is not receiving a proper education while incarcerated. The complaint is short on facts, but Plaintiff does state she was "rejected from J.F. Ingram Technical College." Plaintiff requests the court to assist her in obtaining funds to further her education so that she may "better [her] education, . . . to be very, very smart, and understand the words when in a sentence." (*Doc. No. 1 at pgs. 2-5*.)

*A. Respondeat Superior*

To the extent Plaintiff brings her complaint against the named defendants on the basis of *respondeat superior*, she is entitled to no relief. The law is well settled that a defendant cannot be held liable in an action brought pursuant to 42 U.S.C. § 1983 under the theory of *respondeat superior* or on the basis of vicarious liability. *Monell v. Dep't of Social Servs.,* 436 U.S. 658, 690-92 (1978); *Harris v. Ostrout,* 65 F.3d 912, 917 (11th Cir. 1995); *Belcher v. City of Foley,* 30 F.3d 1390, 1396 (11th Cir. 1994); *LaMarca v. Turner,* 995 F.2d 1526, 1538 (11th Cir. 1993); *Antonelli v.*

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss any claim presented in a prisoner's civil action prior to service of process if it determines that the claim is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

*Sheahan*, 81 F.3d 1422, 1428 (7th Cir. 1996) ("a prisoner may not attribute any of his constitutional claims to higher officials by the doctrine of *respondeat superior*; the official must actually have participated in the constitutional wrongdoing."). In light of the foregoing, the court concludes that Plaintiff's claims against the above-named defendants on the basis of *respondeat superior* lack an arguable basis in law and such claims are, therefore, subject to dismissal in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i). *Neitzke v. Williams,* 490 U.S. 319, 327 (1989).

*B. Due Process*

To the extent Plaintiff complains that her rejection from educational classes at J.F. Ingram Technical College deprives her of due process, she is entitled to no relief. The Due Process Clause of the Fourteenth Amendment to the United States Constitution provides that no state "shall deprive any person of life, liberty, or property without due process of law." Thus, the Constitution is implicated only if a person is deprived of an interest which is in some way protected by the Due Process Clause.

Here, the court understands Plaintiff to contend that her rejection from participation in educational programs at J.F. Ingram State Technical College amounts to a violation of her right to due process by impeding her ability to access educational opportunities in prison. Plaintiff, however, as an inmate in the Alabama prison system

has no state-created liberty interest which entitles her to participation in favorable prison programs, including educational classes. Put another way, an inmate has no constitutionally protected interest in rehabilitative or educational programs as the failure to place an inmate in such program does not impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995).

Because Plaintiff's claims regarding her ability to participate in educational classes at J.F. Ingram State Technical College fails to state a constitutional violation, such claims are due to be dismissed under the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).[2]

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Plaintiff's complaint be DISMISSED with prejudice prior to service of process pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(i).

It is further

ORDERED that the parties are DIRECTED to file any objections to the said

---

[2] Although Plaintiff is not entitled to any relief on her claims in this § 1983 action, her desire to better her educational status is an admirable goal. Plaintiff is, therefore, encouraged to challenge any obstacles impeding her ability to achieve this goal through appropriate channels within both the prison system and J.F. Ingram State Technical College and/or take those steps necessary to make herself eligible for admission.

Recommendation on or before **May 3, 2010**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 19th day of April, 2010.

                         /s/Charles S. Coody
                         CHARLES S. COODY
                         UNITED STATES MAGISTRATE JUDGE